IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HMI ENTERPRISES, INC. <br><br> Plaintiff, <br><br> vs. <br><br> ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, <br><br> Defendant. | CASE NO. |

**COMPLAINT FOR DAMAGES AND FOR TRIAL BY JURY**

HMI Enterprises, Inc., brings this action against Defendant Alterra Excess & Surplus Insurance Company relating to claims made under that certain policy of property insurance identified and alleged below issued by Defendant to Plaintiff, which alleges to the Court, as follows:

1

## JURISDICTION AND VENUE

1.

HMI Enterprises, Inc., is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Fulton County.

2.

At all times material hereto, Defendant Defendant Alterra Excess & Surplus Insurance Company ("Alterra") is believed to be a Delaware corporation, with its principal place of business in the Commonwealth of Virginia, engaged in the business of insurance and is authorized to transact business in the State of Georgia and may be served with process by serving a copy of the Summons and Complaint upon Defendant's registered agent CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

3.

This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 in that there exists diversity of citizenship between the parties who are citizens of different states and/or subjects of different countries, and the value of this case exceeds $75,000, exclusive of interest, fees and costs.  Venue in this Court is proper in that actions arising in Fulton County, Georgia, as in this case, are properly filed in the Atlanta Division of this District Court.

4.

This Complaint originates as the result of covered causes of loss, including, but not limited to, hail and storm damage that permanently damaged the roof structure of Plaintiff's property located at 100 Village Parkway SE, Smyrna, Georgia (hereinafter the "Insured Premises") on or about May 23, 2013, and subsequent to that date. Plaintiff also sustained, and continues to sustain, additional ongoing damages as a direct result of Defendant's actions as alleged below.

## FACTS COMMON TO ALL COUNTS

5.

Defendant Alterra, at all times relevant, was an insurance company authorized to issue policies in the State of Georgia similar to the policy issued to Plaintiff forming the subject matter of this action.

6.

At all times relevant, the Insured Premises were residential buildings operating under the business name of Brighton Way Apartments. At all times material hereto, Plaintiff was a named insured under an insurance contract whereby Defendant Alterra agreed to insure the Insured Premises against risks of direct physical loss to covered property subject to the policy terms and provisions.

7.

The Policy provided insurance coverage for hail and storm related damages on the Insured Premises and loss of business income and extra expense. The Policy also provided for such other customary coverages as specifically set forth in the Policy. With respect to the buildings, coverage at all times was and is afforded limits were on a "Replacement Cost" basis and additional coverages, for which claim is made. A true and correct copy of pertinent portions of said policy is attached as Exhibit 1 and fully incorporated by reference herein. To maintain the policy in full force and effect, Plaintiff timely paid the required premiums due.

8.

On or about January 30, 2013, and subsequent to that date, hail and storm related conditions caused damage to the roof of the Insured Premises (hereafter the "Loss") and other losses covered under the subject Policy.

9.

The subject Loss was reported in a timely manner to Alterra in compliance with the Notice condition in the subject policy.

10.

Plaintiff has fulfilled all of its duties and conditions after the Loss that were imposed by the Policy to the satisfaction of Defendant, except as to those conditions

and duties, if any, which Defendant has waived, or is estopped from asserting.

11.

Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and the damage to the Insured Premises is a result of a covered cause of loss, Defendant has frivolously, and without any foundation, denied Plaintiff's claim for insurance proceeds.

12.

Defendant's refusal to pay the Insured the amounts owed to it as a result of the Loss is without justification and constitutes a material breach of contract causing damages to Plaintiff, all as alleged in this Complaint.

13.

Defendant's refusal to pay the money and proceeds due and owing Plaintiff under the Policy has compelled Plaintiff to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which it is entitled.

## COUNT I.

### BREACH OF CONTRACT

14.

The allegations contained in paragraph 1-13 of this Complaint are fully incorporated herein by reference.

15.

The policy issued by Defendant is a binding contract, and is supported by valid consideration.

16.

Defendant is in total, material breach of the Policy, and therefore Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant's breach of contract includes the following without limitation:

a. Defendant's failure and refusal to pay the amounts owed to Plaintiff under the "Buildings" coverage afforded by the Policy;

b. Defendant's failure to pay the amounts owed to Plaintiff under the "Business Income" coverage afforded by the policy; and

c. Defendant's failure and refusal to pay such other amounts to Plaintiff as may be required by the Policy to indemnify Plaintiff for its losses.

17.

The breach of the policy, and Defendant's failures as set forth above, has caused extensive losses to Plaintiff and such losses continue to compound to the present day in a sum according to proof but in an amount in excess of $100,000.

WHEREFORE, Plaintiff HMI Enterprises, Inc. prays, as follows:

1. That process issue and Defendant be served with process in this case pursuant to Georgia law;

2. That Plaintiff be awarded a judgment against Defendant for structural damage of not less than $100,000;

3. That Plaintiff receive a trial by jury of all issues triable by a jury; and

4. For such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ Jeffrey D. Diamond
    JEFFREY D. DIAMOND
    Georgia Bar No. 599994
    *Attorney for Plaintiff*

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
3330 Cumberland Blvd., Suite 600
Atlanta, Georgia 30339
(404) 814-0000, Ext. 201 telephone;
(404) 816-8900 facsimile
jdiamond@diamlaw.com

                                              THE VOSS LAW FIRM, P.C.
                                              Bill L. Voss
                                              Texas Bar No. 24047043
                                              Scott G. Hunziker
                                              Texas Bar No. 24032446
                                              *Attorneys for Plaintiff*
                                              **(Pending approval of application for *Pro Hac Vice* admission)**

The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021